**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4816

DAVID L. HODGE, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4854

ANTHONY D. BARBER,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-94-36-H)

Argued: March 1, 1999

Decided: April 2, 1999

Before WILKINS and TRAXLER, Circuit Judges, and
FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant Barber; William Lee Davis, III, Lumberton, North Carolina, for Appellant Hodge. John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** William Arthur Webb, Federal Public Defender, Raleigh, North Carolina, for Appellant Barber. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David L. Hodge, Jr. and Anthony D. Barber appeal the sentences imposed by the district court following a remand for resentencing directed by our decision in United States v. Barber, 119 F.3d 276 (4th Cir.) (en banc), cert. denied, 118 S. Ct. 457 (1997). Hodge asserts that application of the decision of the Supreme Court in Koon v. United States, 518 U.S. 81 (1996), violated his right to due process of law because Koon approved the use of a departure based upon acquitted conduct, creating an ex post facto problem, and that the evidence was insufficient to support the determination of the district court that an upward departure was warranted. Barber contends that the district court exceeded the scope of the mandate by considering whether Barber's actions were premeditated and that the extent of the departure was unreasonable. We affirm.

I.

Appellants pled guilty to second-degree murder. See 18 U.S.C.A. § 1111(a) (West Supp. 1998). In its initial sentencing, the district

2

court departed upward with respect to both Appellants on the basis of robbery and the use of a firearm, and with respect to Hodge on the basis that the murder was premeditated. We affirmed the use of robbery as a basis for upward departure and affirmed by an equally divided court the use of premeditation as a basis for an upward departure as to Hodge. See Barber, 119 F.3d at 286. We concluded that use of a firearm, however, was included in the heartland of second-degree murder offenses and therefore could not provide an appropriate ground for departure unless the use of a firearm was extraordinary; the lack of factual findings by the district court made it impossible to determine whether the use of the firearm here was extraordinary. See id. at 285. Although we acknowledged that some evidence indicated that the district court would have imposed the same sentence in the absence of reliance on the use of a firearm as a basis for departure, that evidence was insufficient to permit us to conclude that the district court necessarily would have done so. See id. at 286. Hence, we remanded to the district court for further consideration of the use of a firearm as a basis for departure and for resentencing. See id.

On remand, the district court imposed on each Appellant the same 210-month sentence of imprisonment that it had during their first sentencing. In its written sentencing order with respect to Hodge, the district court departed upward employing all three of the bases on which it had relied in the earlier sentencing--robbery, premeditation, and the use of a firearm. In addition, the district court indicated that it would have departed the same amount irrespective of the use of a firearm as a basis for departure. Further, with respect to Barber, the district court departed upward on the basis of robbery and premeditation but made clear that it would have departed the same amount without premeditation.

II.

Having had the benefit of the extensive briefing and arguments of counsel, and after careful consideration of the record and applicable law, we conclude that none of the issues raised by Appellants constitutes reversible error. Consequently, we affirm Appellants' sentences.

AFFIRMED

3